IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Civil No: 3:10-cv-79 JPG |
| ) | |
| vs. ) | |
| ) | |
| $85,201.00 IN UNITED STATES ) | |
| CURRENCY, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| And ) | |
| ) | |
| MAUD L. CALLAHAN and ) | |
| DANIEL PHILLIPS, ) | |
| ) | |
| Claimants. ) | |

**CLAIMANTS' MOTION TO DISMISS
PURSUANT TO RULE 12 F.R.Cv.P.**

COMES NOW **Claimants, Maud L. Callahan and Daniel Phillips,** and for their Motion to Dismiss verified complaint for forfeiture, and state:

1. That on and following September 28, 2009, pursuant to an automobile stop on Highway 55 southbound at or near Troy, Illinois, law enforcement officers detained and arrested Daniel Phillips and subsequently seized $85,201.00 in specie.

2. On or about October 21, 2009, the Department of Justice filed a Notice of Seizure (Ex. 1-A) to Maud L. Callahan and a separate notice to Daniel Phillips (Ex. 2-A).

3. On or about November 24, 2009, counsel for Maud L. Callahan filed a Notice of Claim, pursuant to 18 U.S.C., §983(a)(2)(c) for the sum of $65,400.00 in U.S. currency seized by the Drug Enforcement Administration.

4. On November 24, 2009, claimant Daniel Phillips, by counsel, filed a claim pursuant to 18 U.S.C., §983(a)(2)(c) for the sum of $21,801.00 in U.S. currency, as part of the total $85,201.00 seized by Plaintiff.

5. On or about January 28, 2010, a verified complaint for forfeiture together with an unsworn affidavit was filed by the government under 21 U.S.C., §881(a)(6) for the forfeiture of the $85,201.00 in U.S. currency asserting that the money was "furnished or intended to be furnished by a person in exchange for a controlled substance, or proceeds traceable to such an exchange or money used to facilitate a violation of 21 U.S.C., §801, et seq."

6. That the currency has been deposited into the account of the Assert Forfeiture Fund of the U.S. Treasury via the Federal Reserve Bank in St. Louis, Missouri.

7. That a warrant for the arrest of the articles and a direct Notice of Civil Judicial Forfeiture was filed by the government on March 19, 2010.

8. That an amended direct Notice of Civil Judicial Forfeiture was filed on March 30, 2010.

9. Thereafter, claimants Callahan and Phillips filed a response to the verified complaint for forfeiture, asserting various claims.

10. <u>Grounds for Dismissal</u>.  Claimants aver and state the following grounds for dismissal:

A. That the specie in question consisting of $85,201.00 was not within the possession of the United States Government at the time the initial Notice of Seizure was mailed on October 21, 2009, therefore, this Court does not have In Rem jurisdiction as the property was then being held at the Troy, Illinois, Police Department.

B. That the funds seized were not "furnished or intended to be furnished for use by persons in exchange for a controlled substance…" nor are said funds and proceeds traceable to an exchange of money used to facilitate a violation of 21 U.S.C., §801, et seq.

C. That there was insufficient probable cause for the stop of the recreational vehicle on September 28, 2009, which resulted in a "warning" notice and subsequent alleged consent search by law enforcement officers following the detention of the drive, Cory Phillips, and the passenger, Daniel Phillips.

D. That statements and admissions made, if any, by either Cory Phillips or Daniel Phillips, were made in violation of their constitutional rights while detained without probable cause; the questioning and demand to search the vehicle were done solely in response to the presence of force; Cory Phillips and Daniel Phillips were not free to go, and were advised that they would continue to be detained subject to further search and possible use of canine; and that there was a lack of reasonable, articulable suspicion that the defendants were engaged in criminal activity sufficient to justify detention and stop. U.S. v Duguay, 93 F.3d 346 (7th Cir. 1996).

    E.  That there was no nexus shown between the property seized and the alleged illegal drug activity and no showing that the funds seized were acquired from illegal or illegitimate sources.  U.S. v Santiago, 227 F.3d 906 (7th Cir. 2000).

    F.  Claimant Callahan asserts that her portion of the claim in the sum of $62,400.00 consists of personal funds from the sale of investments and proceeds from her business at Howard Street Motors in Akron, Ohio, which were to be used for the purpose of purchasing motor vehicles at auction, and there is no evidence that these funds would have been used to facilitate a violation of the laws of the United States with reference to facilitating or promoting the purchase, sale or distribution of controlled substances.

    G.  Claimant Phillips asserts that he is also entitled to a defense of innocence in that the funds he asserts belong to him in the amount of $21,801.00 represent profits from his business and personal savings and were not funds used in connection with any criminal activity at the time of seizure.  Said funds were not furnished or intended to be furnished in exchange for a controlled substance, nor are they proceeds traceable to any exchange to facilitate a violation of a federal law with reference to possession, sale or distribution of controlled substances.

WHEREFORE, having fully pled, Claimants Maud L. Callahan and Daniel A. Phillips respectfully pray that their Motion to Dismiss be granted, and that the funds seized from them in the amount of $85,201.00, together with reasonable interest thereon, be returned to them forthwith, and for such other and further relief as to this Court seems meet and just.

4

Respectfully submitted,

MARTIN, MALEC & LEOPOLD P.C.


/s/ James M. Martin
James M. Martin
1007 Olive – 5th Floor
St. Louis MO 63101
(314) 231-3323
(314) 231-6739 fax
mmllaw@swbell.net
119 E. Mill
Waterloo, IL 62298

Brian M. Pierce
Co-Counsel for
Maud Callahan, Dan Phillips &
Howard Motors LLC
The Gothic Building
54 E. Mill Street #400
Akron OH 44308

*Attorney for Claimants Dan Phillips,
Maud Callahan & Howard Motors LLC*

**CERTIFICATE OF SERVICE**

  Pursuant to SDIL-LR 7.1 (b) and E-Filing Rule 8, I hereby certify that on August 18, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

  Pursuant to Fed. R. Civ. P. 5 and SDIL-LR 7.1 (b), I certify that I mailed, by United States Postal Service, the documents to the following non-registered participants:

United States Attorney
A. COURTNEY COX
Michael Thompson
Assistant United States Attorney
Nine Executive Drive
Fairview Heights IL 62208
E-mail:  Michael.Thompson2@usdoj.gov

Brian M. Pierce
Co-Counsel for
Maud Callahan, Dan Phillips &
Howard Motors LLC
The Gothic Building
54 E. Mill Street #400
Akron OH 44308
bpierce@gmpvlaw.com

*Attorney for Claimants Dan Phillips,*
*Maud Callahan & Howard Motors LLC*

        /s/ James M. Martin _____