UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>$85,201.00 IN UNITED STATES CURRENCY,<br><br>　　　　Defendant,<br><br>　v.<br><br>MAUD CALLAHAN and DANNY PHILLIPS,<br><br>　　　　Claimants. | Case No. 10-cv-79-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on Claimants Maud Callahan and Danny Phillips' (hereinafter "Danny") Motion to Dismiss (Doc. 11), to which the Government filed a Response (Doc. 12). For the following reasons, the Court **DENIES** the instant motion.

Callahan and Phillips (hereinafter collectively referred to as "Claimants") do not specify what rules of civil procedure serve as the bases of their dismissal motion. As such, the Court will address each of their arguments in the context of the rule to which they are believed to correspond.

**I.** **Motion to Dismiss Pursuant to Rule 12(b)(2)**

Claimants first argue that the Government did not possess the $85,201.00 at issue when it mailed the initial notice of seizure on October 21, 2009; therefore, Claimants argue, the Court is without *in rem* jurisdiction over this matter. This argument is essentially one for

lack of personal jurisdiction as prescribed by Federal Rule of Civil Procedure 12(b)(2).  5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1351 (3d ed. 1998) ("Although Rule 12(b)(2) only refers to 'jurisdiction over the person,' the provision presumably is sufficiently elastic to embrace a defense or objection that the district court lacks in rem or quasi-in-rem jurisdiction, admittedly a subject that rarely arises in contemporary practice.").  *See Porsche Cars N. Am., Inc. v. Porsche.net*, 302 F.3d 248, 256 (4th Cir. 2002); *Newhard, Cook & Co. v. Inspired Life Centers, Inc.*, 895 F.2d 1226, 1228 n.2 (8th Cir. 1990).  In determining whether it has personal jurisdiction over a matter, courts may consider affidavits and other extraneous materials.  *See Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782-83 (7th Cir. 2003).  *Medrad, Inc. v. Sprite Dev., LLC*, No. 08 CV 5088, 2010 WL 3700826, at *3 (N.D. Ill. Sept. 8, 2010); *Morrison v. YTB Int'l, Inc.*, 641 F. Supp. 2d 768, 778 (S.D. Ill. 2009).

     Here, it is obvious that the Court has *in rem* jurisdiction over this matter in light of a Declaration (Doc. 12-1) submitted by the Government, stating that the "[instant] funds were placed into the custody of the Drug Enforcement Administration on September 29, 2009, and were transferred to the United States Marshals Service pending the resolution of the forfeiture proceedings on October 15, 2009."  Doc. 12-1, p. 2.  These dates obviously undercut Claimants' unverified allegation that the funds were not in the custody of the Government before October 21, 2009.  Because the Government possessed the funds before it sent out initial notice of seizure and because Claimants have offered absolutely no factual or legal support to its broad jurisdictional qualm, the Court finds that it has *in rem* jurisdiction over this matter.

## II. Motion to Dismiss Pursuant to Rule 12(b)(6)

Claimants next offer a host of arguments premised upon a purported failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] For purposes of a Rule 12(b)(6) motion, courts must accept all factual allegations in the complaint as true and draw all reasonable inferences from those facts in favor of the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Tricontinental Indus., Ltd. v. PricewaterhouseCoopers, LLP*, 475 F.3d 824, 833 (7th Cir. 2007).

While the Court typically cannot rely on matters outside the pleadings in deciding a motion under Rule 12(b)(6), *see* Fed. R. Civ. P. 12(d), it *can* rely on "written instruments," including affidavits and exhibits, attached to the complaint. *See* Fed. R. Civ. P. 10(c); *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452-53 (7th Cir. 1998); *Schnell v. City of Chi.*, 407 F.2d 1084, 1085 (7th Cir. 1969), *overruled on other grounds by City of Kenosha v. Bruno*, 412 U.S. 507 (1973) ("Contrary to the defendants' claim, the affidavits and exhibits attached to the complaint are a part thereof for all purposes."). Courts, however, should be cautious in assuming as true the contents of self-serving affidavits or exhibits. *See N. Ind Gun & Outdoor Shows*, 163 F.3d at 455-56 ("We are not inclined to apply [a blanket adoption] rule in the case of letters written by the opposition for what could be self-serving purposes."); *Warrentech Auto., Inc. v. Heritage Warranty Ins. Risk Retention Grp., Inc.*, Nos. 07 C 3539, 07 C 6977, 2008 WL 4876936, at *8-9 (N.D. Ill. Aug. 12, 2008) ("[T]he Court

---

[1] The Court deduced Rule 12(b)(6) as the basis for the remainder of Claimants' motion due to the inapposite nature of Rules 12(b)(1) (lack of subject-matter jurisdiction), 12(b)(3) (improper venue), 12(b)(4) (insufficient process), 12(b)(5) (insufficient service of process), and 12(b)(7) (failure to join a party under Rule 19).

3

heeds the Seventh Circuit's warning against taking as true one party's statements just because those statements are attached to the opposing party's pleading (in this case a counterclaim)."). Here, the Court has carefully considered whether to accept as true Task Force Officer Dan Hill's Affidavit (Doc. 2-1) (hereinafter "Hill Affidavit"), which the Government attached to its Complaint (Doc. 2). In light of *Schnell*, the general factual deference to plaintiffs in the context of a motion to dismiss, and the Government's incorporation of the Hill Affidavit in its complaint, *see* Doc. 2, p. 2, the Court considered said affidavit and accepts its contents as true.

In the case at bar, Claimants first maintain that there was insufficient probable cause for stopping Danny's vehicle because they were initially only issued a written warning. The Hill Affidavit makes clear that Officer Kevin Thebeau (hereinafter "Officer Thebeau") of the Granite City (Illinois) Police Department stopped Danny's vehicle on Interstate 55 because it weaved into the shoulder numerous times. The Illinois Vehicle Code prohibits improper lane usage, 625 Ill. Comp. Stat. Ann. 5/11-709(a) (West 2010), which can provide probable cause for a traffic stop. *See United States v. Quinones-Sandoval*, 943 F.2d 771, 774 (7th Cir. 1991). Claimants have not argued why the erratic driving of Danny's nephew did not breed probable cause, and the Court will not do so for them. As such, Claimants' first argument is without merit.

Claimants next argue that Danny and his nephew's detention and any statements or admissions they made were in violation of their constitutional rights, namely because Officer Thebeau lacked sufficient justification to stop them for questioning. *Terry v. Ohio*, 392 U.S. 1, 20-22 (1968); *United States v. Duguay*, 93 F.3d 346, 350 (7th Cir. 1996). Assuming this

4

case involved an investigative stop, law enforcement must "point to specific and articulable facts that give rise to a reasonable suspicion of criminal activity." *Duguay*, 93 F.3d at 350 (citing *Terry*, 392 U.S. at 21-22) (quotation marks omitted).

Indeed, after pulling over Danny's vehicle, Officer Thebeau was presented with a number of specific facts that rightfully produced suspicions of unlawful activity. The fact that Danny's nephew swerved into the shoulder several times was in itself suspicious. Then, upon talking with Officer Thebeau, Danny and his nephew volunteered seemingly inconsistent takes on why they were traveling to California. Finally, it was discovered that both Danny and his nephew had criminal histories after Officer Thebeau ran their names through his police car computer. The Court finds that Danny and his nephew's inability to stay on the road, seemingly inconsistent travel plans, and criminal histories raised a legitimate suspicion of criminal activity that Officer Thebeau was free to properly investigate. Officer Thebeau did not detain Danny and his nephew until he had probable cause — when Danny consented to a search of the vehicle and his nephew advised that there was marijuana in one of the vehicle's cabinets. To the extent Claimants argue that Danny and his nephew were forcefully interrogated and "threatened" with use of police canine, this is effectively refuted by the Hill Affidavit, which the Court must accept as true at the motion to dismiss phase of this litigation. Claimants' second argument is therefore a nonstarter.

Finally, Claimants maintain that the funds at issue were not furnished in an exchange for a controlled substance, there is no nexus between the funds and any illegal drug activity, and Claimants had perfectly legal rights to the funds. Like the Government, the Court finds that these arguments present ultimate issues of fact that can best be addressed after discovery

has been exchanged and detailed summary judgment briefs are prepared.  *See* 18 U.S.C. § 983(a)(3)(D) (2006) ("No complaint may be dismissed on the ground that the Government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property.").  And, even if the Court dispositively ruled on these arguments, the Government could establish the requisite nexus by a preponderance of the evidence, *id.* § 983(c); specifically, reasonable inferences may be drawn (to connect a drug transaction to the funds) from the packaging and amount of money (on which the police dog alerted), the presence of marijuana in Danny's vehicle, and the aforementioned inconsistent stories and criminal histories of Danny and his nephew.  Put simply, Claimants' final arguments are premature at best and meritless at worst.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Claimants' Motion to Dismiss (Doc. 11).

**IT IS SO ORDERED.**
**DATED: February 15, 2011**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
