# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )  Case No.: 3:10-cv-0079-JPG |
| | ) |
| $85,201.00 IN UNITED STATES CURRENCY, | ) |
| | ) |
|     Defendant. | ) |

## ORDER

This matter is before the Court on a Motion to Order Production of Witnesses and Documents Pursuant to Rules 30 and 45 of Federal Rules of Civil Procedure filed by Maude L. Callahan and Daniel Phillips ("Claimants") on July 29, 2011 (Doc. 21). For the reasons set forth below the motion is **DENIED**.

### BACKGROUND

The instant action arises out of a seizure of $85,201.00 by the Drug Enforcement Agency on October 21, 2009. Claimants filed the pending motion asking the Court to enter an order directing the Government to produce certain law enforcement officials for deposition and trial testimony and requiring the officials to answer any interrogatories and requests to produce. The Government opposes the motion arguing that Claimants have not followed department regulations and policy in seeking the requested discovery.

### ANALYSIS

In *United States ex. rel. Touhy v. Ragen*, 340 U.S. 462 (1951), the Supreme Court held that a government employee may lawfully decline to produce documents in response to a subpoena in deference to agency regulations authorizing the agency head, not an individual employee, to make

determinations regarding disclosure of government documents.

The United States Department of Justice maintains *Touhy* Regulations which protect employees asked to disclose official information. *See* 5 U.S.C. § 301 (authorizing the head of an executive department to "prescribe regulations for the . . . custody, use, and preservation of its records, papers, and property"); 28 C.F.R. §§ 16.21-29. These Regulations set out procedures for the production or disclosure of materials or information acquired by an employee as part of his or her official duties. 28 C.F.R. § 16.21(a).[1] The Regulations authorize the Department to evaluate the information sought and absent Department authorization, federal agents are forbidden, as a matter of law, to testify or otherwise respond. 28 C.F.R. § 16.28. As relevant here, "[i]f oral testimony is sought by a demand in a case or matter in which the United States is a party, an affidavit, or, if that is not feasible, a statement by the party seeking the testimony or by the party's attorney setting forth a summary of the testimony sought must be furnished to the Department attorney handling the case or matter." 28 C.F.R. §16.23(c).

The Government asserts that Claimants have not provided the affidavit required by the Regulations. The Government further represents "that upon compliance with the requirements of the Regulations, a determination will be made and the [Claimants] notified" (Doc. 22). The Court finds that Claimants should follow the steps required by the Regulations before seeking judicial intervention.

---

[1] Under the Regulations, the definition of an employee of the Department of Justice "includes all officers and employees of the United States appointed by, or *subject to the supervision*, jurisdiction, or control of the Attorney General of the United States, including U.S. Attorneys, U.S. Marshals, U.S. Trustees and members of the staffs of those officials." 28 C.F.R. §16.21(b) (emphasis added).

## CONCLUSION

Therefore, the Motion of Claimants Maude L. Callahan and Daniel Phillips to Order Production of Witnesses and Documents Pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure (Doc.21) is **DENIED**. Claimants are **DIRECTED** to follow the *Touhy* regulations promulgated by the United States Department of Justice described above in seeking to obtain testimony and documents described in the motion.

**IT IS SO ORDERED.**

**DATED: September 8, 2011**

*[signature: Donald Wilkerson]*

**DONALD G. WILKERSON**
**United States Magistrate Judge**